IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD M. WOOD; MIRIAM C. WOOD,<br><br>        Plaintiffs,<br><br>  vs.<br><br>GREENBERRY FINANCIAL SERVICES, INC.; WELLS FARGO HOME MORTGAGE OF HAWAII, LLC; EMC MORTGAGE CORPORATION; JOHN DOES 1-10; JANE DOES 1-10; DOES CORPORATIONS, PARTNERSHIPS AND OTHER ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. 11-00150 LEK-KSC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE AS TO DEFENDANT GREENBERRY FINANCIAL SERVICES, INC. |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION AS TO
DEFENDANT GREENBERRY FINANCIAL SERVICES, INC.

The only Defendant remaining in this action is Greenberry Financial Services, Inc.  According to the docket, Greenberry was served on March 14, 2011. However, notwithstanding the fact that Greenberry has yet to appear in this action, Plaintiffs have not taken steps to prosecute with respect to Greenberry.  As a result, on December 10, 2012, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute.

At the January 10, 2013 OSC hearing, Robin Horner, counsel for Plaintiffs Richard and Miriam Wood, requested that he be given more time to request an entry of default and file a motion for default judgment as to Greenberry. The Court denies this request.

Courts do not take failures to prosecute lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id. To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

2002).

Here, dismissal is appropriate given Plaintiffs' failure to prosecute. After considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), the Court finds that they weigh in favor of dismissal.

The public's interest in expeditious resolution of this litigation strongly favors dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). Plaintiffs commenced this action on March 9, 2011. Nearly two years have passed since Plaintiffs served Greenberry and Plaintiffs have taken no steps to prosecute. Plaintiffs have failed to offer sufficient justification for their inaction.[1] Allowing Plaintiffs to now proceed with default, which they should have done in 2011, would needlessly prolong this litigation, which has already been adjudicated as to

---

[1] At the hearing, Mr. Horner stated that he failed to follow through.

the other Defendants.

For the same reasons discussed above, the second factor weighs heavily in favor of dismissal. Plaintiffs' failure to prosecute has interfered with the Court's ability to manage its docket. The Court, not Plaintiffs, should control the pace of the docket. Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642. By taking no action despite Greenberry's failure to appear, Plaintiffs are controlling the docket and preventing closure of this case. As such, the Court's interest in managing its docket strongly supports dismissal.

Like factors one and two, the risk of prejudice to Defendants weighs in favor of dismissal. Defendants have obtained summary judgment in this case, but there is no finality and the case remains open because Plaintiffs have not prosecuted against Greenberry.

In view of the history of this case, the Court believes that less drastic alternatives are not appropriate. This case has been pending for nearly two years. Given the vigorous nature of the motions

practice in this case, it is inexcusable for either Mr. Horner of his staff to overlook, under any set of circumstances, the simple process he presently asks to undertake.  The Court believes that a sanction other than dismissal would be inappropriate because this litigation has concluded except as to Greenberry.  To allow Plaintiffs to now proceed against Greenberry would reward them for their neglect and lack of diligence.  Accordingly, this factor supports dismissal.

      Finally, the Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

      Based on the foregoing, this Court RECOMMENDS that the action be DISMISSED pursuant to FRCP 41(b) for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, January 10, 2013.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 11-00150 LEK-KSC; WOOD, ET AL. V. GREENBERRY FINANCIAL SERVICES, INC., ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE AS TO DEFENDANT GREENBERRY FINANCIAL SERVICES, INC.